### SAYLES *v.* HOETZEL.

*(Supreme Court, General Term, Fifth Department.　October 21, 1892.)*

1. MALICIOUS PROSECUTION—EVIDENCE.

In an action for malicious prosecution the complaint and deposition made by defendant when he applied for the warrant for plaintiff's arrest, signed and verified by him, and which sufficiently charge plaintiff with the crime for which he was arrested, cannot be overcome by the testimony of the magistrate eight months afterwards, tending to show that the facts stated to him by defendant failed to make out a case for a warrant, and were not as full as those contained in the complaint and deposition, particularly where defendant contends at the trial that the proceedings to obtain the warrant were regular.

**2. SAME—DAMAGES—REVIEW ON APPEAL.**
    On appeal, in an action for malicious prosecution, the appellate court will not disturb the judgment, on the ground that the verdict was excessive, simply because it would be better satisfied had it been for a less amount.

Appeal from supreme court, Wayne county.

Action by Manly T. Sayles against Charles F. Hoetzel for malicious prosecution. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

S. K. Williams, for appellant. E. D. Miller, for respondent.

LEWIS, J. This action was for malicious prosecution. The defendant caused the arrest of the plaintiff for the crime of petit larceny. He presented to the magistrate, when he applied for the warrant, his own affidavit, in which he charged the plaintiff with entering defendant's barn in the village of Newark on the 21st day of March, 1889, and feloniously taking and carrying away several articles of personal property, described in the affidavit, of the value of eight dollars, the property of the defendant. The affidavit contains the statement: "And that said Sayles was remonstrated with as to the taking thereof, but would not refrain therefrom." The magistrate, as he was required to do by section 148, Code Crim. Proc., took the defendant's deposition in writing, and caused it to be subscribed by him. It is not claimed by the defendant's counsel but that the deposition sufficiently charged the plaintiff with the commission of the crime of larceny, but his contention is that the testimony of the magistrate upon the trial shows that the facts stated by the defendant to him when he applied for the warrant failed to make a case for a warrant, and were not as full as those contained in the complaint and deposition. It may well be that the magistrate's recollection was at fault; certainly the complaint and deposition drawn at the time, and signed and verified by the defendant, was better evidence of what occurred than the recollection of the magistrate, eight months after the occurrence. And, further, the case shows that the defendant's counsel conceded upon the trial that the proceedings to obtain the warrant and the proceedings under it were regular.

The defendant unquestionably was responsible for the arrest and prosecution of the plaintiff. The case of Dennis v. Ryan, 65 N. Y. 406, to which our attention is called by the defendant's counsel, is not an authority to the contrary. The facts developed upon the trial quite satisfactorily established that the defendant caused the prosecution of the plaintiff maliciously, and without probable cause. He did not believe that the plaintiff was guilty of stealing the article he took from the barn of the defendant. He was fully aware, when he made the complaint, that plaintiff claimed to own the articles he took; there was ample evidence to justify the jury in so finding. There was evidence tending quite strongly to show that the object of the prosecution on the part of the defendant was to compel the plaintiff to return the property to his possession. The testimony, as is not uncommon in such cases, took a pretty wide range; some of it did not have much bearing upon the issues being tried. Most of the defendant's objections failed to state any ground for the objection, and hence fail to present any question for review. We do not find anything in the exceptions calling for a reversal of the judgment. The charge of the court clearly and correctly stated the rules of law governing the case. While we should be better satisfied had the verdict been for a less amount, we cannot say, under all the circumstances, that the verdict for $1,000 is so excessive as to justify us in granting a new trial for that reason. The judgment and order appealed from should be affirmed. All concur.